1  KEVIN P. MUCK (CSB No. 120918)
   kmuck@fenwick.com
2  DEAN S. KRISTY (CSB No. 157646)
   dkristy@fenwick.com
3  MARIE C. BAFUS (CSB No. 258417)
   mbafus@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA 94104
   Telephone:   415.875.2300
6  Facsimile:   415.281.1350

7  Attorneys for Defendants Silver Spring Networks,
   Inc., Scott A. Lang, Michael Bell, Laura D. Tyson,
8  Warren M. Weiss, Thomas R. Kuhn, Richard A.
   Simonson, Jonathan Schwartz, Thomas H. Werner
9  and Peter Van Camp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS SCARANTINO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVER SPRING NETWORKS, INC., SCOTT A. LANG, MICHAEL BELL, LAURA D. TYSON, WARREN M. WEISS, THOMAS R. KUHN, RICHARD A. SIMONSON, JONATHAN SCHWARTZ, THOMAS H. WERNER, PETER VAN CAMP, ITRON, INC., and IVORY MERGER SUB, INC.,<br><br>Defendants. | Case No. 3:17-cv-06688-SI<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER VOLUNTARILY DISMISSING ACTION AS MOOT PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)** |

STIP. AND ORDER RE DISMISSAL                                    Case No. 3:17-cv-06688-SI

# **STIPULATION OF DISMISSAL**

WHEREAS, on November 20, 2017, Plaintiff Louis Scarantino filed the above-captioned action (the "Scarantino Action");

WHEREAS, three other substantially similar actions have been filed in this Court, styled *Geller v. Silver Spring Networks, Inc., et al.*, No. 5:17-cv-06532-EJD (the "Geller Action"), *Kantradt LLC v. Silver Spring Networks, Inc., et al.*, No. 3:17-cv-06548-VC (the "Kantradt Action"), and *Suscavage v. Silver Spring Networks, Inc., et al.*, Case No. 5:17-cv-06625-LHK (the "Suscavage Action"), all of which are collectively referred to with the Scarantino Action as the "Actions";

WHEREAS, the Actions challenged disclosures made in connection with the proposed acquisition of Silver Spring Networks, Inc. ("Silver Spring"), by Itron, Inc. and a subsidiary (collectively, "Itron"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around September 18, 2017 (the "Transaction");

WHEREAS, the Actions asserted claims for, *inter alia*, Defendants' alleged violations of Sections 14 and 20(a) of the Securities Exchange Act of 1934 in connection with Silver Spring's preliminary Proxy Statement (the "Preliminary Proxy") filed with the SEC on November 2, 2017 and/or its definitive Proxy Statement (the "Definitive Proxy") filed with the SEC on November 16, 2017;

WHEREAS, Defendants deny that Plaintiffs have asserted any meritorious claim, deny that the Preliminary Proxy or Definitive Proxy contained any misstatement or omission, and deny that any further information is required under any federal or state law;

WHEREAS, on December 18, 2017, Silver Spring filed with the SEC an amendment to the Definitive Proxy that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Preliminary Proxy and Definitive Proxy as alleged in the Actions (the "Supplemental Disclosures");

WHEREAS, Plaintiff Scarantino's counsel believes they may assert a claim for a fee in connection with the prosecution of the Scarantino Action and the issuance of the Supplemental

1 Disclosures, and have informed Defendants of their intention to petition the Court for such a fee if
2 their claim cannot be resolved through negotiations between counsel for Plaintiffs in the Actions
3 and Defendants (the "Fee Application");

4     WHEREAS, for the sake of judicial economy and the convenience of all parties, counsel
5 for plaintiffs in all of the Actions have coordinated their efforts and intend to file any Fee
6 Application jointly in the Geller Action, which was the first-filed of the Actions;

7     WHEREAS, all of the Defendants in the Actions reserve all rights, arguments and
8 defenses, including the right to oppose any potential Fee Application and the right to dispute
9 which Court should address any Fee Application;

10     WHEREAS, no class has been certified in the Actions;

11     WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly
12 or indirectly to Plaintiff Scarantino or his attorneys and no promise, understanding, or agreement
13 to give any such compensation has been made, nor have the parties had any discussions
14 concerning the amount of any mootness fee application;

15     NOW, THEREFORE, subject to the approval of the Court, the parties stipulate and agree
16 as follows:

17     1. The Scarantino Action is dismissed, all claims asserted therein are dismissed with
18 prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without
19 prejudice.

20     2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a
21 putative class, notice of this dismissal is not required.

22     3. If a Fee Application becomes necessary, Plaintiff Scarantino's counsel may seek a
23 fee by filing, jointly with counsel for plaintiffs in the other Actions, a single Fee Application in the
24 Geller Action, and the Court will retain jurisdiction, as appropriate, for that joint Fee Application.

25     4. This Stipulation, and any Order thereon, are made without prejudice to any right,
26 position, claim or defense any party may assert with respect to the Fee Application, which
27 includes the Defendants' right to oppose the Fee Application and their right to dispute which
28 Court should address any Fee Application.

| | | |
|---|---|---|
| Dated: January 26, 2018 | | WEISSLAW LLP<br>RIGRODSKY & LONG, P.A.<br><br>By /s/ *Joel E. Elkins*<br>    Joel E. Elkins<br><br>Attorneys for Plaintiff Louis Scarantino |
| Dated: January 26, 2018 | | FENWICK & WEST LLP<br><br>By /s/ *Kevin P. Muck*<br>    Kevin P. Muck<br><br>Attorneys for Defendants Silver Spring Networks, Inc., Scott A. Lang, Michael A. Bell, Laura D. Tyson, Warren M. Weiss, Thomas R. Kuhn, Richard A. Simonson, Jonathan Schwartz, Thomas H. Werner and Peter Van Camp |
| Dated: January 26, 2018 | | JONES DAY<br><br>By /s/ *Stephen D. Hibbard*<br>    Stephen D. Hibbard<br><br>Attorneys for Defendants Itron, Inc. and Ivory Merger Sub, Inc. |

\* \* \*

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in the filing of this stipulation.

Dated: January 26, 2018

　　　　　　　　　　　　　　　　　　　　　/s/ *Kevin P. Muck*
　　　　　　　　　　　　　　　　　　　　　　   Kevin P. Muck

**[~~PROPOSED~~] ORDER**

Pursuant to the foregoing stipulation, IT IS HEREBY ORDERED that:

1. The Scarantino Action is dismissed, all claims asserted therein are dismissed with prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. If a Fee Application becomes necessary, Plaintiff Scarantino's counsel may seek a fee by filing, jointly with counsel for plaintiffs in the other Actions, a single Fee Application in the Geller Action, and the Court will retain jurisdiction, as appropriate, for that joint Fee Application.

4. This Stipulation, and any Order thereon, are made without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application and their right to dispute which Court should address any Fee Application.

Dated: 1/29/18

The Honorable Susan Illston
United States District Judge